UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62408-CIV-COHN/SELTZER

GABRIEL PIERRE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court for an initial screening pursuant to 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings.[1] The matter has been referred to the undersigned Magistrate Judge pursuant to U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.

STANDARD OF REVIEW

"Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. . . . Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is without merit." Gates v. Miami Police Dep't, No. 6:08-cv-1535-Orl-18GJK, 2008 WL 4710751, at *3 (M.D. Fla. Oct. 23, 2008) (citing Phillips v. Mashburn, 746 F.2d

_____

[1] Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (DE 2). After carefully reviewing the supporting financial affidavit, the undersigned determined that Plaintiff is entitled to proceed *in forma pauperis*, and, accordingly, granted Plaintiff *in forma pauperis* status (DE 5). The undersigned, however, will not direct the United States Marshal to serve process until such time as the District Court has determined whether Plaintiff's Complaint should be dismissed.

782, 785 (11th Cir. 1984)). Thus, under § 1915(e)(2)(B), a court is required to dismiss an action at any time it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1915(e)(2)(B)(i, ii, and iii). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); see also Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). A court may dismiss a complaint for frivolity under § 1915(e) when the legal claim is "indisputably meritless, the facts are far-fetched or baseless, or both." Cofield v. Ala. Public Service Commission, 936 F.2d 512, 515 (11th Cir. 1991). The Eleventh Circuit has held that the authority of the court to dismiss frivolous complaints is broader than that conferred by Federal Rule of Civil Procedure 12(b)(6). Harris v. Menendez, 817 F.2d 737, 739-40 (11th Cir. 1987). Thus, an *in forma pauperis* complaint that "states a claim for the purposes of Rule 12(b)(6) – that is, one clearly having a basis in law – may still be frivolous if it lacks an arguable basis in fact, for example asserting fantastic facts." Clark v. Georgia Pardons and Paroles Bd., 915 F.2d 636, 640 n.1 (11th Cir. 1990); see also Gates, 2008 WL 771075, at *3 ("The district court may dismiss even meritorious legal theories under Section 1915 if the factual allegations in the complaint are 'clearly baseless.'"[2]) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1989)). An action may be dismissed under § 1915(e) at any time, even before service of process, as one of the purposes of § 1915(e) is to spare defendants the inconvenience and expense of

---

[2] "Factual allegations in a complaint may be 'clearly baseless' if they are contradicted by other allegations in the complaint," and "[u]nsupported conclusory factual allegations also may be 'clearly baseless.'" Gates, 2008 WL 771075, at *3.

2

answering a frivolous complaint.  Phillips, 746 F.2d at 784.

Dismissals for failure to state a claim are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").  At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007).  To survive dismissal, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face."  Id. at 555, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 566 U.S.662, 129 S.Ct. 1937, 1940 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive" dismissal. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1949).

In considering a Rule 12(b)(6) motion to dismiss, a court's review is "limited to the four corners of the complaint."  Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (quoting St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002)). Additionally, a court must view the complaint in the light most favorable to the plaintiff, and

it must generally accept the plaintiff's well-pleaded facts as true.[3]  Hishon v. King v. Spalding, 467 U.S. 69, 73 (1984); Am. United Life Ins. Co. v. Martinez, 480 F. 3d 1043, 1057 (11th Cir. 2007).  But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also Iqbal, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); Sinaltrainal, 578 F.3d at 1260 ("In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, but we are not required to draw [P]laintiff's inference [and] . . . unwarranted deductions of fact in a complaint are not admitted as true. . . . ") (internal citations and quotation marks omitted).

Although not enumerated as a basis for dismissal under § 1915(e)(2)(B), a complaint must nonetheless be dismissed where a court is without subjection matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

---

[3] The undersigned is mindful that *pro se* pleadings are to be construed liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (*"Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.")  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted); see also Green-Major v. Commissioner of Social Security, No. 3:10-1459-MBS-JRM, 2010 WL 3038319, at *1 (D.S.C. June 17, 2010)  ("The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to include claims that were never presented, or construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.") (internal quotation marks and citations omitted).

4

subject-matter jurisdiction, the court must dismiss the action."); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. Because federal courts are courts of limited jurisdiction, they are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears." General Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981). The plaintiff bears the burden of proving that subject matter jurisdiction exists. Friends of Panamint Valley v. Kempthorne, 499 F. Supp. 2d 1165, 1171 (E.D. Cal. 2007).

### ANALYSIS OF SUFFICIENCY OF COMPLAINT

Plaintiff Gabriel Pierre brings this *pro se* action against the Commissioner of Social Security under section 205(g) and (h) of Title II of the Social Security Act, 42 U.S.C. § 405(g) (hereinafter § 405(g)).  Exclusive of the jurisdictional statement and request for relief, Plaintiff's Complaint alleges in its entirety:

> I had been worked for the last 15 years in the United States. Then, I become unable to stand long hours working without been relieve to use both.  In other cases, I have blood in my pennis [sic] when using the bathroom.  I decided to apply for disability via US Social Security Administration.  I never have an opportunity to afford disability protection via a private entity. More importantly, I had been diagnosed with prostate cancer by North Shore Hospital a US Social Security Administration referal [sic].  That fact confirmed my doubt.
>
> Later, I had been denied benefits for possible disability by US

>   Security Administration even Sensitive[4] Security Income that can prevent myself from long hours standing and working overtime. In the meantime, I am under a child support obligation, a separate lifestyle. Then, I have to work harder than ever and complicated my health condition.

Complaint (DE 1).[5] The Complaint requests that the Court "establish [Plaintiff's] disability," award him $5,000,000, and "make Government Services in my capacity. For instance, Health Insurance, Housing and more."[6] Id. at 3.

A federal district court has only limited jurisdiction over appeals of the Commissioner of Social Security's decisions regarding disability benefits. Judicial review of such cases is provided for in 42 U.S.C. § 405(g), which provides in pertinent part:

>   Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . .The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security

---

[4] The undersigned assumes that Plaintiff is referring to Supplemental Security Income benefits. See 42 U.S.C. § 1381, et seq.

[5] Plaintiff has attached to his Complaint another document entitled "Sue against the Commissioner of Social Security," in which he states that he had been diagnosed with prostate cancer and "benefits had been denied from Social Security Administration." He states that he requested proper relief "such as 1,500 continued monthly check as Sensitive Security Income and $5 million dollars for time consuming by the Federal Agency to satisfy his demand for Social Security Benefits." (DE 1-2).

[6] The "Relief Requested" portion of the Complaint additionally states: "Furthermore, I will continue to receive a monthly check of $1500 as Sensitive Security Income either my health condition will allow me to work or not." Complaint at 3 (DE 1). It is unclear from this statement whether Plaintiff is requesting that the Court award him $1500 in benefits monthly or that the Court continue such monthly payments that Plaintiff is already receiving.

with or without remanding the case for a rehearing.

42 U.S.C. § 405(g). And section 405(h) provides that "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). Accordingly, a plaintiff may bring an action against the Commissioner only where he has been a party to a hearing before the Commissioner (or Administrative Law Judge)[7] and only where the Commissioner has made a "final decision" on his claim.[8]

Plaintiff here alleges only that he has been "denied benefits for possible disability by US Security Administration." But he has failed to allege that the Commissioner's decision denying such benefits was final after a hearing to which Plaintiff was a party. And the Complaint is devoid of any factual allegations from which the Court can infer that a final decision (within the meaning of the Act) has been made by the Commissioner.

To the extent that Plaintiff is attempting to bring an action for monetary damages

---

[7] "Some courts have consented to review a claim for benefits where no hearing was held, but only under circumstances suggesting that plaintiff has raised a viable constitutional issue." Katsoulakis v. Astrue, No. 10-CV-0081 (JFB), 2011 WL 3877080, at *4 (E.D.N.Y Aug. 31, 2011). Plaintiff here has not alleged any constitutional violation.

[8] Social Security Administration Regulation No. 4 sets forth the administrative procedure by which a claimant for benefits under the Act may obtain a final decision of the Commissioner. A claimant dissatisfied by the initial determination on his claim may obtain reconsideration thereof. 20 C.F.R. §§ 404.909, 404.920. A claimant may then request a hearing before an Administrative Law Judge ("ALJ"); upon timely request, in certain specific instances, a claimant has an absolute right to such a hearing. 20 C.F.R. §§ 404.933, 404.936, 404.955. If the ALJ dismisses a request for hearing, that dismissal is final and binding unless vacated by the Appeals Council within 60 days. 20 C.F.R. § 404.960. If the ALJ conducts a hearing, a claimant may request a review of the decision by the Appeals Council. 20 C.F.R. § 404.968(a)(1). In the absence of such review by the Appeals Council, the decision of the ALJ is final and binding on all the parties. 20 C.F.R. § 404.955.

against the Commissioner, this claim must also fail. The Court has no subject matter jurisdiction over a claim for monetary relief based on the Commissioner's denial of disability benefits; there is no private right of action under the Social Security Act. See Katsoulakis v. Astrue, No. 10-CV-0081 (JFB), 2011 WL 3877080, at *5 (E.D.N.Y Aug. 31, 2011) ("The Social Security Act does not bestow a private right of action for monetary relief resulting from the denial of disability benefits"; dismissing claim for monetary relief for lack of subject matter jurisdiction because no private right of action exists and dismissing appeal of Commissioner's denial of disability benefits because there was no final decision); see also 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").

## RECOMMENDATIONS

With respect to Plaintiff's appeal of the Commissioner's denial of disability benefits, the Complaint fails to allege any factual allegations showing that this Court has subject matter jurisdiction. More specifically, the Complaint fails to allege that there was any final decision of the Commissioner made after a hearing to which Plaintiff was a party. Accordingly, the undersigned RECOMMENDS that the District Court dismiss Plaintiff's claim for denial of disability benefits. The undersigned further RECOMMENDS that this dismissal be without prejudice as Plaintiff may be able to cure the alleged defect by amending his pleading.

With respect to any claim for monetary damages (and other damages, save disability benefits that may be owed), the undersigned RECOMMENDS that the claim (or request) for monetary damages be DISMISSED for lack of subject matter jurisdiction. The

undersigned further RECOMMENDS that this dismissal be with prejudice. Because there is no private cause of action for monetary relief based on the Commissioner's denial of disability benefits, an amended complaint would be futile.

Plaintiff will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 16th day of March 2012.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

Gabriel Pierre
6552 SW 20 Street
Pompano Beach, FL 33068

All counsel of record