UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62408-CIV-COHN/SELTZER

GABRIEL PIERRE,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Report and Recommendation [DE 6] submitted by United States Magistrate Judge Barry S. Seltzer, in which Judge Seltzer conducted an initial screening of Plaintiff Gabriel Pierre's *pro se* Complaint [DE 1] pursuant to 28 U.S.C. § 1915. The Court has conducted a *de novo* review of the record in this case, including the Report and Recommendation, Plaintiff's Objections [DE 7], the Complaint, and is otherwise fully advised in the premises.

After conducting a thorough analysis of the Complaint and the applicable law, Judge Seltzer recommended that the Court dismiss Plaintiff's claim for denial of disability benefits without prejudice for failure to allege any facts showing that the Court has subject matter jurisdiction over this case. Specifically, Judge Seltzer noted that the Complaint fails to allege that there was any final decision of the Commissioner made after a hearing to which Plaintiff was a party, as required under 42 U.S.C. § 405. Additionally, to the extent that Plaintiff brings any claim for monetary damages (or any other damages other than disability benefits that may be owed), Judge Seltzer

recommended that the Court dismiss such a claim with prejudice because there is no private cause of action for monetary relief based on the Commissioner's denial of disability benefits.  The Court agrees.

Though Plaintiff has filed Objections, the Objections do not change the Court's conclusion that the Complaint must be dismissed at this time.  Reading Plaintiff's Objections liberally, he appears to state three arguments.  First, Plaintiff seems to suggest that this Court does have subject matter jurisdiction over his claim for disability benefits.  He notes, "I had been ordered by the Social Security Administration to File The Complaint in the Federal district Courthouse to request my disability for Prostate Cancer."  Obj. at 1.  However, as Judge Seltzer noted, the Complaint itself contains no facts demonstrating that the Court has subject matter jurisdiction.  As such, the Complaint must be dismissed, but Plaintiff will have an opportunity to amend his Complaint to allege facts showing that the Court has subject matter jurisdiction.  Second, Plaintiff states that he has submitted his Objection within the 14-day time limit, notes that he is proceeding *pro se*, and says, "the most important consideration must be base by provision of laws determining disability condition."  Id. at 2.  The Court agrees that Plaintiff's Objections were timely submitted and assures Plaintiff that his Complaint and his Objections have been construed liberally due to his *pro se* status.  Third, Plaintiff asks the Court "to request my medical examination file from North Shore Medical Center in North Miami, Section for Disability Examination."  Obj. at 2.  The Court cannot grant such a request at this time, given that Plaintiff's Complaint must be dismissed.  However, nothing in this Order prohibits Plaintiff from seeking to obtain his medical files on his own, outside of Court.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections [DE 7] are **OVERRULED** to the extent that they object to the findings in the Report and Recommendation, **GRANTED** to the extent that they request that the Court consider the Objections, and **DENIED** to the extent that they ask the Court to request Plaintiff's medical records;

2. The Report and Recommendation [DE 6] is **ADOPTED**;

3. Any claim for monetary damages (or any other damages other than disability benefits that may be owed) in Plaintiff's Complaint [DE 1] is **DISMISSED with prejudice**;

4. Otherwise, Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice** for lack of subject matter jurisdiction;

5. Plaintiff may file an Amended Complaint[1] by no later than **April 12, 2012**;

6. **Failure to file an Amended Complaint by April 12, 2012 will result in the closing of this case**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of March, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* party via CM/ECF regular mail

---

[1] Any Amended Complaint must allege facts showing that the Court has subject matter jurisdiction.

3